IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                     ) | |
|                 Plaintiff,        ) | |
|                                     ) | CRIMINAL ACTION |
| v.        ) | |
|                                     ) | No. 09-20034-03-KHV |
| JESUS ROBLES,        ) | |
|                                   ) | |
|               Defendant.        ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On March 18, 2009, a grand jury charged Taurino Cereceres-Morales, Juan Morales and Jesus Robles with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). See Indictment (Doc. #25). This matter is before the Court on the Motion Of Defendant Robles To Suppress Marijuana Seized In Violation Of His Fourth Amendment Rights (Doc. #37) filed May 13, 2009. On July 1, 2009, the Court held a hearing on the motion. For reasons stated below, the Court overrules defendant's motion.

**Analysis**

Defendant argues that in violation of his rights under the Fourth Amendment, law enforcement unlawfully searched boxes of cookies and marijuana which he was holding as a bailee. The government argues that defendant lacks standing because he did not establish a reasonable expectation of privacy in the boxes. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Fourth Amendment rights are personal and cannot be claimed

vicariously. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Valdez Hocker, 333 F.3d 1206, 1208 (10th Cir. 2003). Given the personal nature of the interest, standing is a matter of substantive Fourth Amendment law. Rakas, 439 U.S. at 140. Standing inquiries thus turn on the classic Fourth Amendment test: (1) whether defendant manifested a subjective expectation of privacy in the area searched and (2) whether society is prepared to recognize that expectation as objectively reasonable. Valdez Hocker, 333 F.3d at 1208-09; United States v. Allen, 235 F.3d 482, 489 (10th Cir. 2000); United States v. Benitez-Arreguin, 973 F.2d 823, 827 (10th Cir. 1992). Defendant bears the burden to show that he had a legitimate expectation of privacy in the invaded place. See United States v. Gordon, 168 F.3d 1222, 1226 (10th Cir.), cert. denied, 527 U.S. 1030 (1999); see also United States v. Eckhrat, Nos. 07-4216, 07-4022, 2009 WL 1841695, at *8 (10th Cir. June 29, 2009) (proponent of motion to suppress has burden to show that his own rights were violated by challenged search); Allen, 235 F.3d at 489 (same).

Here, defendant asserts that as a bailee, he had lawful possession of the containers and a legitimate expectation of privacy in them. Mere physical possession or control of property is not sufficient, however, to establish standing to object to a search of that property. United States v. Conway, 73 F.3d 975, 979 (10th Cir. 1995); United States v. Arango, 912 F.2d 441, 444-446 (10th Cir. 1990), cert. denied, 499 U.S. 924 (1991). A defendant who asserts that he had lawful possession of searched property bears the burden to show that his possession of the property was lawful, i.e. that he gained possession of the property from the owner or someone with authority to grant permission. Benitez-Arreguin, 973 F.2d at 828; Arango, 912 F.2d at 445.

Defendant notes that DEA agents saw him drive a U-Haul truck with the boxes of cookies and marijuana a short distance from a gas station to a nearby residence in Kansas City, Kansas

where two individuals unloaded the boxes and placed them in the garage. These limited observations, however, do not establish that (1) defendant gained possession of the boxes from someone with authority to grant permission or (2) defendant had possession of the boxes when agents seized them in the garage of the residence.[1] Defendant has not met his initial burden to show lawful possession of the searched property. See Benitez-Arreguin, 973 F.2d at 828; see also Eckhart, 2009 WL 1841695, at *9 (defendant lacks standing without link between himself and registered owner of vehicle); Valdez Hocker, 333 F.3d at 1209 (mere possession of car and car keys does not suffice to establish legitimate possessory interest); Conway, 73 F.3d at 979 (possession of motel room key and knowledge of registered occupant's first name insufficient to establish status as guest and standing to contest search); United States v. Rascon, 922 F.2d 584, 586-87 (10th Cir. 1990) (fact that friend loaned car to defendant insufficient to show that friend had lawful possession of car), cert. denied, 500 U.S. 926 (1991); United States v. Erwin, 875 F.2d 268 (10th Cir. 1989) (no standing where defendant did not introduce evidence to establish legitimate possession of vehicle). The Court therefore overrules defendant's motion to suppress.[2]

---

[1] Defendant acquired the boxes from Cereceres-Morales, who had picked them up from a Yellow Freight depot. The boxes were addressed to Luis Perez, and the record is devoid of evidence that Yellow Freight had lawful authority to release them to Cereceres-Morales.

[2] Even if defendant could show lawful possession of the boxes, he has not shown that he manifested a subjective expectation of privacy in the boxes. Indeed, defendant affirmatively denied owning the boxes and did not claim that he had any other possessory interest as a bailee or otherwise. See United States v. Anderson, 284 Fed. Appx. 977, 979-80 (3d Cir. 2008) (defendant voluntarily abandoned interest in safe through repeated denials of ownership); United States v. Miller, 274 Fed. Appx. 567, 568 (9th Cir. 2008) (defendant did not have reasonable expectation of privacy in bag where he denied ownership and relinquished control over bag); United States v. Denny, 441 F.3d 1220, 1228 (10th Cir.) (by denying ownership, defendant voluntarily relinquished reasonable expectation of privacy), cert. denied, 549 U.S. 914 (2006); United States v. Torres, 949 F.2d 606, 608 (2d Cir. 1991) (otherwise legitimate privacy interest may be lost by disclaiming or (continued...)

**IT IS THEREFORE ORDERED** that the Motion Of Defendant Robles To Suppress Marijuana Seized In Violation Of His Fourth Amendment Rights (Doc. #37) filed May 13, 2009 be and hereby is **OVERRULED**.

Dated this 7th day of July, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

²(...continued)
abandoning property, especially when actions or statements disavow any expectation of privacy). In addition, defendant has not shown that he had a continued privacy interest in the boxes after he delivered them to the residence. Defendant has not explained the terms of his alleged bailment or what duty he had after Morales and Areguin accepted the boxes and placed them in the garage. See Rakas, 439 U.S. at 134 (person aggrieved by illegal search of another person's premises or property suffers no Fourth Amendment violation); United States v. Wood, 6 F. Supp.2d 1213, 1223 (D. Kan. 1998) (defendant who is neither sender nor addressee lacks privacy right in package and cannot assert Fourth Amendment challenge); United States v. Cantrall, 762 F. Supp. 875 (D. Kan. 1991) (defendant cannot challenge search of package where he was not addressee and exhibited no expectation of privacy in it).