IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 09-20034-03-KHV |
| | ) | |
| JESUS ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on two motions which seek discovery: the Motion Of Defendant Robles For Hearing Transcript (Doc. #82) filed by defense counsel on October 23, 2009 and defendant's pro se letter (Doc. #81) which the Court received on October 16, 2009, and construes as a pro se motion for copies of discovery documents and transcripts.

Defense counsel seeks a transcript of the hearing on several motions (including defendant's motion to suppress) so that he can adequately prepare for trial. The motion filed by defense counsel is well taken and is sustained.

Next, defendant has submitted a pro se request for personal copies of discovery documents and certain transcripts. Initially, the Court overrules defendant's pro se motion because defendant is represented by counsel. See United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). In any event, courts often limit disclosure of sensitive documents to counsel and prohibit criminal defendants from

removing or copying such materials.[1] At this stage, defendant has not shown a particularized need for these documents.[2]

**IT IS THEREFORE ORDERED** that the <u>Motion Of Defendant Robles For Hearing Transcript</u> (Doc. #82) filed by defense counsel on October 23, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #81) which the Court received on October 16, 2009, and construes as a pro se motion for copies of discovery documents and transcripts, be and hereby is **OVERRULED**.

Dated this 30th day of October, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] See <u>United States v. Deering</u>, 179 F.3d 592, 596 (8th Cir.) (district court did not abuse discretion in allowing only defendant's stand-by counsel to inspect government file), <u>cert. denied</u>, 528 U.S. 945 (1999); <u>United States v. Birbragher</u>, No. 07-cr-1023-LRR, 2008 WL 2246913, at *2 (N.D. Iowa May 29, 2008) (defendant has no absolute right to personally inspect or copy documents in government's file); <u>see also</u> <u>United States v. Williams</u>, No. S1-00-cr-1008, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005) (permitting defendant to personally review sensitive materials only if defense counsel or defense counsel's staff present).

[2] See <u>Brown v. N.M. Dist. Court Clerks</u>, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); <u>United States v. Sistrunk</u>, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); <u>Ruark v. Gunter</u>, 958 F .2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); <u>see also</u> <u>United States v. Lewis</u>, 37 F.3d 1510 (Table), 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (same standard as transcripts can be applied to prisoner requests for pretrial records).