# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20034-03-KHV |
| JESUS ROBLES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

A grand jury charged defendant with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). See Indictment (Doc. #25). On December 14, 2009, a jury found Jesus Robles guilty on both counts and determined that both counts involved 100 kilograms or more of marijuana. This matter is before the Court on defendant's oral motion for judgment of acquittal at the close of the government's case and at the close of all the evidence.[1]

## Standards For Motions For Judgment Of Acquittal

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978). Rather, the Court must view the evidence in the light most favorable to the government and determine whether the record contains sufficient evidence from which a jury might properly find defendant guilty beyond a reasonable doubt. United States v. White, 673 F.2d 299, 301 (10th Cir. 1982). The jury may base its verdict on both direct and circumstantial evidence,

---

[1] At trial, the Court took both motions under advisement.

together with all reasonable inferences that can be drawn therefrom, in the light most favorable to the government. See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). Acquittal is proper only if the evidence implicating defendant is nonexistent or is so meager that no reasonable jury could find guilt beyond a reasonable doubt. White, 673 F.2d at 301; see United States v. Brown, 995 F.2d 1493, 1502 (10th Cir.) (evidence supporting conviction must be substantial and must not raise mere suspicion of guilt), cert. denied, 510 U.S. 935 (1993), overruled on other grounds by United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001).

## **Analysis**

Government agents discovered 221 bundles of marijuana wrapped in essentially the same packaging. Each bundle weighed approximately one pound. The government sent two bundles for laboratory testing, along with small samples from ten of the remaining 219 bundles. Laboratory tests confirmed that the bundles were marijuana and determined that the total weight of the two bundles plus the samples from the ten other bundles was 0.9714 kilograms. Later, Special Agent Dana Suchma of the Drug Enforcement Administration helped oversee the weighing of the remaining 219 bundles. Agent Suchma used a scale which gives readings in increments of tenths of a pound. He determined that each of the 219 bundles of marijuana weighed 1.0 pounds. By using a conversion factor of .4536 kilograms/pound, he determined that the 219 bundles weighed 99.3384 kilograms. He therefore determined that in total, the marijuana weighed 100.3098 kilograms (99.3384 kg from 219 bundles plus 0.9714 kgs from marijuana sent to the laboratory). Absent speculation and conjecture, a reasonable fact finder could not determine that the amount of marijuana was 100 or more kilograms.

First, it is well established that mass can never be measured exactly, that is to an infinity of

decimal places.[2] Here, Agent Suchma used a scale which gave readings in increments of tenths of a pound. On cross examination, he testified that if an item weighed 3.15 or 3.17 pounds, he did not know whether the scale would round up to 3.2 pounds or round down to 3.1 pounds. He also explained that if the marijuana weighed 0.97 pounds, he did not know if the scale would round up or round down. The government did not present any other evidence about the precision of the scale or how the scale rounded item weights. Absent such evidence, the jury was left to speculate and guess whether the reading on the scale of 1.0 meant at least 1.000 or whether a smaller quantity such as 0.996 was sufficient to cause a reading of 1.0.[3]

Second, the error in the government's calculation can be illustrated by considering the weight of the marijuana (the two bundles plus the samples from ten other bundles) which government agents sent to the laboratory for testing. The total weight of the marijuana sent to the laboratory was 0.9714 kilograms. Under the government's theory, the two bundles sent to the lab weighed exactly

---

[2] See, e.g., Mark Bishop, An Introduction To Chemistry, Section 1.5: Reporting Values From Measurements (2005) (all measurements are uncertain to some degree), available at http://preparatorychemistry.com/Bishop_Chemistry_First.htm; id., Section 8.2: Rounding & Significant Figures (even highly precise measurements have some uncertainty); Stephen Lower, Chem1 Virtual Textbook, Significant Figures & Rounding Off: How To Avoid Telling Lies With Numbers (2009), http://www.chem1.com/acad/webtext/pre/mm3.html (true value of measured quantity, if it exists at all, cannot be measured on scale because always some point at which some value lies between two smallest divisions on scale; scale must arbitrarily toggle between two numbers on readout display); Introduction to Chemistry, Chemistry 101/105 Laboratory Manual, available at http://www.chemistry.eku.edu/Parsons/Documents/Manual_Measurement.htm ("EKU Parsons Chemistry Manual") (no device can measure exact mass of object because regardless of how many decimal places are established, more decimal places yet to be determined; measurement always has some uncertainty in last right-hand digit of number).

[3] In particular, to find that the total marijuana was 100 kilograms or more, the jury had to speculate that the 219 marijuana bundles on average weighed 0.997 pounds or more. If the 219 bundles weighed an average of .996 pounds, the total quantity of marijuana would be less than 100 kilograms (219 bundles x 0.996 lbs x .453592 kg/lb = 98.94 kg plus 0.9714 kg sent to lab = 99.91 kilograms).

2.0 pounds or .9072 kilograms (2 x .4536 kgs/lb). The total weight of the samples taken from the ten bundles therefore was .0642 kilograms (0.9714 kg minus 0.9072 kg). On average, government agents took .00642 kilograms from each of ten bundles (.0642 kg divided by 10). Converted to pounds, government agents took approximately 0.014 pounds of marijuana (.0642 kg x 2.205 lbs/kg.) from each of the ten bundles. Agent Suchma testified, however, that all 219 bundles (including the ten used for samples) nevertheless weighed 1.0 pounds. Assuming that the original bundles were exactly 1.0 pounds, the ten bundles had an average weight of 0.986 pounds yet the scale indicated that the weight of each bundle was 1.0 pounds. Indeed, Agent Suchma testified that the ten bundles should have weighed less than the other 209 bundles or maybe the ten bundles were heavier than the other ones. Agent Suchma ultimately conceded "I don't know."[4]

In light of Agent Suchma's admissions that he does not know how the scale rounded for weights between tenths of a pound and that he does not know why the ten bundles used for samples weighed the same as the other 209 samples, no reasonable jury could conclude that the marijuana weighed 100 kilograms or more. The Court therefore sustains defendant's motion for judgment of acquittal in this regard and vacates the jury's finding that the amount of marijuana involved in Counts 1 and 2 was 100 kilograms or more.

---

[4] A third related, yet more subtle, issue is that by use of a conversion factor (for pounds to kilograms) which is known to four decimal places, the government has attempted to make the calculated weight of the 219 bundles in kilograms (99.3384) more precise than its actual measured weight in pounds (1.0 x 219). In other words, by using a scale that measures the marijuana in increments of tenths (0.1) of a pound, the government asserts as evidence the amount of marijuana to the nearest ten thousandth (0.0001) of a kilogram. The accuracy and precision of a measurement cannot be increased by converting the units from pounds to kilograms. See, e.g., EKU Parsons Chemistry Manual (result cannot be more precise than least precise measurement that was made); Weinkauff, World Of Chemistry Notes For Students, Chapter 5 – Scientific Measurement (2008) (same), available at www.thinkchemistry.com/TC-pdfiles/Notes-Chap-05.pdf.

Defendant also argues that the government presented insufficient evidence to establish the elements of conspiracy and possession of marijuana with intent to distribute. Viewing all reasonable inferences from the direct and circumstantial evidence in a light most favorable to the government, however, a reasonable jury could find defendant guilty on both counts.

**IT IS THEREFORE ORDERED** that defendant's oral motion for judgment of acquittal (Doc. #132) is **SUSTAINED in part**. The Court vacates the jury's findings that the amount of marijuana involved in Counts 1 and 2 involved 100 or more kilograms of marijuana. Defendant's motion is otherwise overruled.

Dated this 17th day of December, 2009 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge